[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence May 16, 1995 Date of Application May 16, 1995 Date Application Filed May 30, 1995 CT Page 7027 Date of Decision May 27, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Danbury.
Joseph Dimyan, Esq., Defense Counsel, for Petitioner.
Robert Brunetti, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
The petitioner pleaded guilty to charges in the above cited three Informations, as follows:
CR 94-88650: Escape from custody in violation of §53a-171.
This crime occurred on May 19, 1994 when the petitioner, along with a co-defendant, Jose Acosta, bolted from the rear of the sheriff's van as it arrived at the Danbury Superior Court. He was later apprehended hiding in a closet of an apartment in Waterbury.
CR 94-88749: Burglary, 3rd degree (§ 53a-103) andLarceny, 3rd degree (§ 53a-124).
This case involved the burglary into a residence in Ridgefield on March 28, 1994. Approximately $3000 worth of jewelry and electronic equipment was taken. The co-defendant in this crime was also Jose Acosta.
CR 94-88750: Robbery 2nd degree (§ 53a-135).
In this incident, on February 26, 1994, the petitioner, armed with a sawed off shotgun entered a retail store grabbed the female attendant, walked her to the cash register taking CT Page 7028 approximately $500 in the robbery.
The petitioner was sentenced as follows:
D.N. 88650: (Escape) — 10 years.
D.N. 88749: (Burglary and Larceny) — 2 years on each count, concurrent with each other, but consecutive to D.N. 88650.
D.N. 88749: (Robbery 2nd degree) — 8 years, execution suspended with probation for 5 years — consecutive to D.N. 88650 and D.N. 88749.
The total effective sentence being 20 years, execution suspended after 12 years, with a 5 year probationary term.
The sentence imposed was that as recommended by the state, however, the petitioner reserved the right to argue for less.
Petitioner's counsel argues that the sentence was unduly severe because the escape case drew considerable publicity, which had, according to him, the likely effect of the court being influenced by the publicity. He argues that no violence was involved in the escape. He also argues that Mr. Alvalle was a drug addict and it would have been more appropriate to sentence him to a treatment program under the auspices of CADAC (which argument he presented to the sentencing Court).
The petitioner, in his comments to the Review Division stated he escaped because he was "confused" and he believes the sentence was "very excessive".
The State's Attorney argues the sentence was appropriate and urges it be affirmed.
This petitioner, who was 26 years of age at sentencing, has a history of heroin and cocaine abuse with a self-described $30 to $50 per day addiction. He did enter an eight month in-patient treatment program, but left after one month. Although incarcerated prior to sentencing he was not attending counseling or self-help meetings within the institution. His institutional record prior to sentencing included discipline for fighting, threatening staff, arson, and having contraband.
The pre-sentence report recommended a lengthy period of CT Page 7029 incarceration.
The co-defendant, Acosta, was sentenced for his participation in these same offenses to a term of 20 years, execution suspended after 10 years, with probation for 5 years, (he was not identified as having been in the store when Mr. Alvalle robbed it).
Whether or not because of drug addiction, this petitioner presented himself to the sentencing Court as a person dangerously out of control, capable of committing the most serious offenses, disrupting and endangering peoples lives by his behavior.
Weighing the seriousness of these crimes, together with all the circumstances of this case, the effective sentence is deemed to be proportionate and appropriate as reviewed pursuant to § 942 of the Practice Book It is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.